## Browning v. Browning et al.
(Decided Oct. 22, 1937.)

278

HUBERT SIRLES for appellant.

J. D. INMAN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

These parties were married September 12, 1906. Mr. Browning then had about $800, while Mrs. Browning, who was about 15 years his junior, had nothing. Later the husband inherited about $130 and collected $100 for injuries sustained in an accident. Mr. Browning worked hard, and the record discloses no bad habits on his part. Mrs. Browning kept house for him and attended to the four children who were born to them, so there is no doubt she worked equally as hard as he, and carefully used her husband's earnings to meet the family needs and, as his earnings were small, they had difficulty to so stretch these earnings as to make both ends meet with nothing to lap over.

### The House.

In 1923, Mrs. Browning, with her husband's money, bought a house at 4424 South Third street, paying down on same $820, which was her husband's money, and it was her husband's money that she used to meet the monthly payments due upon a mortgage given for the balance of the purchase money. This house was occupied by the family as a home, and in it Mrs. Browning and her three younger children are residing now.

About the first of the year 1934, their oldest child, being then about 25 years of age and the youngest about 15 years of age, Mrs. Browning, being relieved of their care, secured a position that paid her $90 per month, and thus she herself became a bread winner.

### The Divorce.

These parties, shortly thereafter, separated, and about May 1, 1935, Mrs. Browning sued her husband for divorce, and on October 4, 1935, a decree was entered divorcing these parties and containing the usual clause:

"It is further considered and adjudged by the court that each party shall restore to the other such property not disposed of at the commencement of this

279

action as either may have obtained directly or indirectly from or through the other during marriage, in consideration or by reason thereof."

Restoration was not made, however, and on January 21, 1936, this suit was filed.

### This Suit.

Mr. Browning sued his wife and the Portland Federal Savings & Loan Association, alleging that this property at 4424 South Third street was bought and paid for with his money and the deed now of record in Deed Book 1055, page 553, and dated July 11, 1923, was made to his former wife, Jennie N. Browning, solely because of the marital relation then existing between her and Mr. Browning. Mr. Browning asked that the Savings & Loan Association, be required to answer and set up its lien; that he be adjudged the sole owner of this house and lot aforesaid; that it be sold, etc.

Mrs. Browning answered, denying all that was in the petition, and by a second paragraph she pleaded this property was conveyed to her by her husband for the purpose of cheating, hindering, and delaying his creditors. The issues were completed, three volumes of proof were taken, the cause submitted, and the chancellor found as do we that the down payment on this home and the subsequent payments were made from the funds of Mr. Browning; and that the property was conveyed to Mrs. Browning solely because of her then existing marriage to Mr. Browning, and not to hinder, delay, or defraud his creditors. With all the foregoing we agree and the proof sustains it, but the chancellor went further, found Mr. Browning had not come into court with clean hands, and dismissed his petition.

With that we cannot agree. Mr. Browning is entitled to have this house adjudged to be his under the above facts, because that is justice and follows the directions of section 2121 of the Ky. Stats. There is no proof he ever shirked one responsibility that was his or that his hands are in any wise unclean. So long as he had good employment, Mrs. Browning ate the bread he earned, but now he is 57, has lost his former employment, and must take what he can get, and is now earning but $10 per week, not more than enough to feed himself, and Mrs. Browning, who is in her early forties, refuses to restore to him what is his own, paid for with

his money, divorces him, and turns him out of his own home.

The trial court apparently thought Mr. Browning was not doing his duty by his children, for in his opinion the chancellor said:

"The husband does nothing to help out with his children; on the contrary, he wants to take the home away from them."

We find nothing in the divorce decree absolving him from the support of his children, one of whom is 28 years old, married, and has a home of his own. A second is 21, but his employment yields him a very meager return. A third is 19, she works for a doctor, but her earnings are insufficient to support her, except in a very simple and rather humble style. The other girl is now 17 and unemployed. What, if anything, Mr. Browning must contribute to the support of his children is not now before us. It worried the chancellor, however, for in his opinion he said:

"The wife has lost her claim to alimony; the husband has not lost his claim to restoration. Looks like the husband has out-practiced the wife in a law suit; looks like he is laying down on his job to take care of his family; looks like the wife is doing a sweet job, which the husband is trying to make hard for her."

Somehow this record strikes us as but a half-told tale, but we must decide the cases that come before us upon the facts as depicted in the records that are brought us.

It is a pity that these two, after having together pulled life's awful load so long, could not have so struggled on to the end. The chancellor will set aside the order of dismissal and grant the prayer of Mr. Browning's petition.

Judgment reversed.